UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED FIRE & CASUALTY COMPANY,

    Plaintiff,

vs.                                                                                     Case No.:

A & E DEVELOPMENT PLUS, INC.,
a Florida for-profit corporation,
ENDURYS ESPINOSA, YADANYS
ESPINOSA, ANDURYS MACIAS, and
YINET CONCEPCION

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, United Fire & Casualty Company ("United Fire"), through counsel, sues Defendants, A & E Development Plus, Inc., a Florida for-profit corporation, Endurys Espinosa, Yadanys Espinosa, Andurys Macias, and Yinet Concepcion (collectively referred to as the "Indemnitors"), and in support thereof avers as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of diverse states.

2. United Fire is an Iowa corporation with its headquarters in Iowa. Its principal place of business is in Cedar Rapids, Iowa. Thus, in accordance with 28

U.S.C. § 1332(c)(1), United Fire is a citizen of Iowa. United Fire is licensed to conduct business in the state of Florida.

3. A & E Development Plus, Inc., is a Florida for-profit corporation that maintains its principal place of business in Miami, Miami-Dade County, Florida. Thus, in accordance with 28 U.S.C. § 1332(c)(1), A & E Development Plus, Inc., is a citizen of Florida.

4. Upon information and belief, Endurys Espinosa is an individual of the full age of majority who, upon information and belief, is a resident of and domiciled in Miami, Miami-Dade County, Florida. Thus, Endurys Espinosa is a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

5. Upon information and belief, Yadanys Espinosa is an individual of the full age of majority who, upon information and belief, is a resident of and domiciled in Miami, Miami-Dade County, Florida. Thus, Yadanys Espinosa is a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

6. Upon information and belief, Yinet Concepcion is an individual of the full age of majority who, upon information and belief, is a resident of and domiciled in Miami, Miami-Dade County, Florida. Thus, Yinet Concepcion is a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

7. Upon information and belief, Andurys Macias is an individual of the full age of majority who, upon information and belief, is a resident of and domiciled in Miami, Miami-Dade County, Florida. Thus, Andurys Macias is a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

8. The causes of action alleged herein fall within the jurisdictional limits of the Court because United Fire seeks to recover more than $75,000.00 from the Defendants, and the losses United Fire is exposed to because of the Indemnitors' various failures as described in this Complaint exceed $75,000.

9. Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of the Middle District of Florida and within one of the counties within the province of the Tampa Division of this Court.

## GENERAL ALLEGATIONS

10. As part of its business, United Fire issues construction performance and payment bonds and stands as surety for selected contractors on construction projects.

11. In connection with its work, A & E Development Plus, Inc., previously known as A & E Brothers Roofing, Inc. (collectively referred to as "A& E"), from time to time required surety bonds on construction projects. A true and correct copy of the Articles of Amendment to the Articles of Incorporation of A & E Brothers Roofing, Inc., is attached as **Exhibit "A."**

12. Before United Fire would agree to issue bonds on behalf of A & E, it required that the Indemnitors enter into an indemnity agreement with United Fire.

13. Specifically, on May 16, 2022, the Indemnitors each executed an Agreement of Indemnity ("AOI") in favor of United Fire. A true and correct copy of the AOI is attached and incorporated into this Complaint as **Exhibit "B."**

14.  According to the AOI, the Indemnitors agreed, in part, to:

**FIFTH - <u>Indemnity:</u>** Indemnitors shall exonerate, hold harmless, indemnify, and keep indemnified [United Fire] from and against any and all Loss and/or liability for Loss. Indemnitors agree to immediately reimburse [United Fire] in the amount of any payment of Loss made by [United Fire], plus interest from the date of [United Fire's] payment. [United Fire] shall be entitled to charge for any and all such disbursements made by it in Good Faith under the belief that it is or was liable for the sums so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed. The vouchers or other evidence of any such payments made by [United Fire] shall be prima facie evidence of the amount of Loss and of the fact and amount of Indemnitors' liability to [United Fire]. All such amounts shall bear interest at the rate of 9% per annum (or, if the highest interest rate permitted by law is in an amount of less than 9% per annum, the interest shall be deemed amended to apply the highest interest rate permitted by law) from the date of [United Fire's] payment until [United Fire] is fully reimbursed.

[AOI, ¶ 5].

15.  The Indemnitors further agreed:

**SECOND – Definitions:** For the purposes of this Agreement, the following definitions apply, which definitions shall be equally applicable to both singular and plural forms of such terms:

h. "Loss" means any and all payments, expenses or liability incurred or anticipated by [United Fire], including but not limited to attorney's fees, consultant's fees, expert fees, and court costs, arising from or related to any Bond, and Claim, enforcing any of [United Fire's] rights under this Agreement, and/or any and all unpaid premiums for any Bond.

[AOI, ¶ 2(h)].

16. The Indemnitors further agreed, in part, to:

**Eighth – [United Fire's] Discretion to Defend or Settle Claims:** [United Fire] shall have the right, in Good Faith and in its sole discretion, to defend, prosecute, appeal, adjust, settle or compromise any matters compromising, arising from or related to any Claim. If Indemnitors request [United Fire] to litigate such Claim, they shall deposit with [United Fire], at the time of such request, cash or collateral satisfactory to [United Fire], in the amount that [United Fire] in its sole discretion, in Good Faith deems sufficient to collateralize and hold it harmless from and against any and all potential liability for Loss with respect to such Claim. [United Fire] nonetheless shall have the right in its sole discretion pay or settle such Claim if [United Fire] believes, in Good Faith, that it is necessary or expedient to do so.

[AOI, ¶ 8].

17. A & E thereafter entered a subcontract to perform roofing work on the Sorrento Apartment project in Sarasota, Florida ("Project"). United Fire issued A & E a subcontractor performance and payment bond, Bond No. 54-245826, each in the penal sum of $966,160.00, related to the construction of the Project (collectively, the "Bond"). A copy of the Bond is attached as **Exhibit "C."**

18. At the Indemnitors' request, and in consideration of their promise to comply with the various terms and conditions of the AOI, United Fire agreed to issue the Bond naming Verdex Construction, LLC, as the obligee ("Obligee").

19. On or about October 8, 2024, after issuing the Bond, United Fire received a Notice of Subcontractor Default, alleging claims of roof deficiencies attributed to A & E's performance (the "Claim"). A copy of Notice of Default is attached as **Exhibit "D."**

20. By letter dated January 31, 2025, United Fire demanded that the Indemnitors deposit collateral with United Fire in the amount of $450,000.00 pursuant to the AOI. A copy of the collateral demand is attached as **Exhibit "E."**

21. The Indemnitors refused and/or failed to post the collateral demanded by United Fire in the January 31, 2025, letter.

22. After investigation of the Claim, and after the Indemnitors refused and/or failed to post the collateral demanded by United Fire, United Fire engaged Aderhold Roofing Corporation ("Completion Contractor") to perform A & E's work on the Project. United Fire agreed to pay the Completion Contractor $310,715.73 for performing this work, including consultant fees and costs.

23. United Fire retained the undersigned attorneys to represent it in this action and is obligated to pay these attorneys a reasonable fee for their services rendered.

24. Pursuant to the AOI, the Indemnitors are required to reimburse United Fire for these losses.

25. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

**COUNT I**
**BREACH OF CONTRACT AGAINST A & E DEVELOPMENT PLUS, INC.**

26. United Fire realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for damages for A & E's breach of the AOI.

28. The AOI is unequivocal and specific in setting forth the Indemnitors' obligations to:

> exonerate, hold harmless, indemnify, and keep indemnified [United Fire] from and against any and all Loss and/or liability for Loss. Indemnitors agree to immediately reimburse [United Fire] in the amount of any payment of Loss made by [United Fire], plus interest from the date of [United Fire's] payment.

AOI, ¶ 5.

29. A & E, as indemnitor, has committed various breaches and defaults of the AOI, including, but not limited to: (1) failing and/or refusing to resolve or pay the claims against the Bond; and (2) failing and/or refusing to indemnify and keep United Fire indemnified from any and all Loss and/or liability for Loss that United Fire has incurred, or may incur, relating to claims made on the Bond.

30. As a result of the Indemnitors' breaches and defaults of the AOI, United Fire has suffered damages, including, but not limited to, the following damages: (1) payment made to satisfy the claims made on the Bond; and (2) attorneys' fees, consultant fees, interest, costs, and other expenses that United Fire incurred as a result of issuing the Bond and the claims made on same.

31. United Fire is entitled to an award of its attorneys' fees, interest, and costs in pursuing this claim according to the AOI, which attorneys' fees and costs continue to be incurred.

WHEREFORE, United Fire demands judgment against A & E, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs and expenses and such other further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT AGAINST ENDURYS ESPINOSA

32. United Fire realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

33. This is an action for damages for Endurys Espinosa's breach of the AOI.

34. The AOI is unequivocal and specific in setting forth the Indemnitors' obligations to:

> exonerate, hold harmless, indemnify, and keep indemnified [United Fire] from and against any and all Loss and/or liability for Loss. Indemnitors agree to immediately reimburse [United Fire] in the amount of any payment of Loss made by [United Fire], plus interest from the date of [United Fire's] payment.

AOI, ¶ 5.

35. Endurys Espinosa, as indemnitor, has committed various breaches and defaults of the AOI, including, but not limited to: (1) failing and/or refusing to resolve or pay the claims against the Bond; and (2) failing and/or refusing to indemnify and keep United Fire indemnified from any and all Loss and/or liability for Loss that United Fire has incurred, or may incur, relating to claims made on the Bond.

36. As a result of the Indemnitors' breaches and defaults of the AOI, United Fire has suffered damages, including, but not limited to, the following damages: (1) payment made to satisfy the claims made on the Bond; and (2) attorneys' fees, consultant fees, interest, costs, and other expenses that United Fire incurred as a result of issuing the Bond and the claims made on same.

37. United Fire is entitled to an award of its attorneys' fees, interest, and costs in pursuing this claim according to the AOI, which attorneys' fees and costs continue to be incurred.

WHEREFORE, United Fire demands judgment against Endurys Espinosa, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs and expenses and such other further relief as this Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT AGAINST YADANYS ESPINOSA

38. United Fire realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

39. This is an action for damages for Yadanys Espinosa's breach of the AOI.

40. The AOI is unequivocal and specific in setting forth the Indemnitors' obligations to:

> exonerate, hold harmless, indemnify, and keep indemnified [United Fire] from and against any and all Loss and/or liability for Loss. Indemnitors agree to immediately reimburse [United Fire] in the amount of any payment of Loss made by [United Fire], plus interest from the date of [United Fire's] payment.

AOI, ¶ 5.

41. Yadanys Espinosa, as indemnitor, has committed various breaches and defaults of the AOI, including, but not limited to: (1) failing and/or refusing to resolve or pay the claims against the Bond; and (2) failing and/or refusing to indemnify and keep United Fire indemnified from any and all Loss and/or liability

for Loss that United Fire has incurred, or may incur, relating to claims made on the Bond.

42. As a result of the Indemnitors' breaches and defaults of the AOI, United Fire has suffered damages, including, but not limited to, the following damages: (1) payment made to satisfy the claims made on the Bond; and (2) attorneys' fees, consultant fees, interest, costs, and other expenses that United Fire incurred as a result of issuing the Bond and the claims made on same.

43. United Fire is entitled to an award of its attorneys' fees, interest, and costs in pursuing this claim according to the AOI, which attorneys' fees and costs continue to be incurred.

WHEREFORE, United Fire demands judgment against Yadanys Espinosa, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs and expenses and such other further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT AGAINST ANDURYS MACIAS

44. United Fire realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

45. This is an action for damages for Andurys Macias' breach of the AOI.

46. The AOI is unequivocal and specific in setting forth the Indemnitors' obligations to:

> exonerate, hold harmless, indemnify, and keep indemnified [United Fire] from and against any and all Loss and/or liability for Loss. Indemnitors agree to immediately reimburse [United Fire] in the

amount of any payment of Loss made by [United Fire], plus interest from the date of [United Fire's] payment.

AOI, ¶ 5.

47. Andurys Macias, as indemnitor, has committed various breaches and defaults of the AOI, including, but not limited to: (1) failing and/or refusing to resolve or pay the claims against the Bond; and (2) failing and/or refusing to indemnify and keep United Fire indemnified from any and all Loss and/or liability for Loss that United Fire has incurred, or may incur, relating to claims made on the Bond.

48. As a result of the Indemnitors' breaches and defaults of the AOI, United Fire has suffered damages, including, but not limited to, the following damages: (1) payment made to satisfy the claims made on the Bond; and (2) attorneys' fees, consultant fees, interest, costs, and other expenses that United Fire incurred as a result of issuing the Bond and the claims made on same.

49. United Fire is entitled to an award of its attorneys' fees, interest, and costs in pursuing this claim according to the AOI, which attorneys' fees and costs continue to be incurred.

WHEREFORE, United Fire demands judgment against Andurys Macias, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs and expenses and such other further relief as this Court deems just and proper.

## COUNT V
## BREACH OF CONTRACT AGAINST YINET CONCEPCION

50. United Fire realleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

51. This is an action for damages for Yinet Concepcion's breach of the AOI.

52. The AOI is unequivocal and specific in setting forth the Indemnitors' obligations to:

> exonerate, hold harmless, indemnify, and keep indemnified [United Fire] from and against any and all Loss and/or liability for Loss. Indemnitors agree to immediately reimburse [United Fire] in the amount of any payment of Loss made by [United Fire], plus interest from the date of [United Fire's] payment.

AOI, ¶ 5.

53. Yinet Concepcion, as indemnitor, has committed various breaches and defaults of the AOI, including, but not limited to: (1) failing and/or refusing to resolve or pay the claims against the Bond; and (2) failing and/or refusing to indemnify and keep United Fire indemnified from any and all Loss and/or liability for Loss that United Fire has incurred, or may incur, relating to claims made on the Bond.

54. As a result of the Indemnitors' breaches and defaults of the AOI, United Fire has suffered damages, including, but not limited to, the following damages: (1) payment made to satisfy the claims made on the Bond; and (2) attorneys' fees, consultant fees, interest, costs, and other expenses that United Fire incurred as a result of issuing the Bond and the claims made on same.

55. United Fire is entitled to an award of its attorneys' fees, interest, and costs in pursuing this claim according to the AOI, which attorneys' fees and costs continue to be incurred.

WHEREFORE, United Fire demands judgment against Yinet Concepcion, jointly and severally, for damages, prejudgment interest, attorneys' fees, costs and expenses and such other further relief as this Court deems just and proper.

Dated: October 9, 2025.

        Respectfully submitted,

        */s/ Ty G. Thompson*
        Ty G. Thompson, Esq.
        Florida Bar No.: 00585041
        Email: tthompson@pdtlegal.com
        John P. Amon, Esq.
        Florida Bar No.: 1048991
        Email: jamon@pdtlegal.com
        PASKERT DIVERS THOMPSON
        100 North Tampa Street, Suite 3700
        Tampa, Florida 33602
        Telephone: 813-229-3500
        *Counsel for United Fire & Casualty Company*